IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YISRAEL WEISER, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al*.<br><br>    Defendants. | Civil Action No. 24-cv-3244 |

### PLAINTIFFS' *EX PARTE* MOTION FOR WAIVER OF LOCAL RULE 5.1(c)

Plaintiffs respectfully move this Court *ex parte*, pursuant to Local Rule 5.1(c), for an Order: (1) exempting them from the requirements contained in Local Civil Rule 5.1(c)(1) and allowing them to proceed without providing their home addresses, or (2) in the alternative, granting them leave to file under seal a notice containing Plaintiffs' addresses, without disclosure to Defendants, within 30 days. In support of the motion, Plaintiffs respectfully state as follows:

1. Plaintiffs are American citizens and their family members who were victims of the terrorist attack in Israel on October 7, 2023, or subsequent attacks committed by Harakat Al-Muqawama Al-Islamiya (a/k/a Hamas) and other Foreign Terrorist Organizations.

2. Defendants are the sponsors, financers, architects, and direct perpetrators of those attacks: the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, Hamas, Palestinian Islamic Jihad, Hezbollah, and Popular Front for the Liberation of Palestine.

3. Plaintiffs wish to assert their rights before this Court, but fear possible death or physical and/or mental harm in retaliation for proceeding with this suit and thus seek to protect themselves and their family members by shielding from disclosure their residential addresses.

1

4. Accordingly, in their Complaint, Plaintiffs have omitted their current residential addresses out of fear of reprisals against themselves and their families. The October 7 attack—funded, armed, directed, and perpetrated by Defendants—targeted many of the Plaintiffs in and near their homes in Israel.

5. Plaintiffs are reasonably concerned for their own safety if their private personal information is disclosed to Defendants, the very terrorist groups and their state sponsors that perpetrated the October 7 attack. Accordingly, Plaintiffs request that the Court waive the requirement in Local Rule 5.1(c) that they disclose their addresses.

6. A court in this District has already granted the same relief requested here to the plaintiffs in another case against Iran arising out of the October 7, 2023 attack. *See* Minute Order, *Estate of Avraham Sasi v. Islamic Republic of Iran*, No. 24-cv-284-CJN (D.D.C. Oct. 15, 2024) ("Plaintiffs may proceed without providing their residential addresses."). Other courts in this district have repeatedly done the same in cases against Iran. *Ghodstinat v. Islamic Republic of Iran*, No. 23-cv-03175, Minute Order re ECF No. 3 (D.D.C. Oct. 25, 2023) (waiving requirement to provide residential addresses entirely); *see also Morris v. Islamic Republic of Iran*, No. 23-cv-01941, Minute Order re ECF No. 5 (D.D.C. Aug. 2, 2023) (waiving requirement to provide residential address to opposing party).

7. Courts in this district have applied a five-factor test in considering requests regarding withholding plaintiffs' residential addresses. *See Chang v. Republic of Sudan*, 548 F. Supp. 3d 34, 37 (D.D.C. 2021) (applying the five-factor test for a request to proceed anonymously for some plaintiffs and to seal the residential addresses of all plaintiffs); *Yaman v. Dep't of State*, 786 F. Supp. 2d 148, 151 (D.D.C. 2011) (applying five-factor test for sealing addresses). The five factors are: "(1) whether the justification asserted by the requesting

party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent nonparties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Id.* (quoting *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019)). "Where an action is brought against a government entity rather than a private party . . . courts are likely to allow a plaintiff to proceed anonymously." *Yaman*, 786 F. Supp. 2d at 153.

8. This Court amended its Local Rule 5.1, effective as of March 23, 2022, to no longer require public posting of residential addresses. *See* Order, March 23, 2022, https://www.dcd.uscourts.gov/sites/dcd/files/local_rules/Rules LCvR 5.1 7k 40.7 etc.pdf. The remaining requirement—to file a sealed notice making the residential addresses available "only to the Court and the opposing party"—should be waived here given that Plaintiffs are victims of a series of sophisticated, mass-casualty terror attacks sponsored and directed by Defendants.

9. There is ample basis to waive the requirement entirely. Each of the five factors are satisfied: Plaintiffs are not merely seeking to avoid "annoyance and criticism"—they have legitimate safety concerns, having already been targeted once by Defendants, many while in their homes or nearby shelters. Defendants have vowed to perpetrate further attacks,[1] giving

---

[1] *E.g.*, MEMRI, Hamas Official Ghazi Hamad: We Will Repeat The October 7 Attack, Time And Again, Until Israel Is Annihilated, Nov. 1, 2023, https://www.memri.org/reports/hamas-official-ghazi-hamad-we-will-repeat-october-7-attack-time-and-again-until-israel.

Plaintiffs a reasonable fear of retaliatory physical harm. Plaintiffs include minor children. Defendants include two governmental entities and the terrorist organizations they sponsor. And there is no risk of prejudice to Defendants' ability to lawfully defend this action without obtaining Plaintiffs' home addresses.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order (1) exempting them from the requirements contained in Local Civil Rule 5.1(c)(1) and allowing them to proceed without filing a notice containing their home addresses, or (2) in the alternative, granting them leave to file under seal a notice containing Plaintiffs' addresses, without disclosure to Defendant, within 30 days.

Dated: November 17, 2024

    Respectfully submitted,

    **JENNER & BLOCK LLP**

By:   /s/ Lee Wolosky
       Lee Wolosky (D.C. Bar No. NY0161)
       Andrew J. Lichtman (pro hac vice forthcoming)
       Benjamin D. Alter (petition for admission pending)
       1155 Avenue of the Americas
       New York, NY 10036-2711
       Telephone: (212) 891-1628
       Facsimile: (212) 891-1699
       lwolosky@jenner.com
       alichtman@jenner.com
       balter@jenner.com

       Douglass A. Mitchell (D.C. Bar No. WI0029)
       Rachael J. Hanna
       1099 New York Avenue, NW
       Suite 900
       Washington, DC 20001-4412
       Telephone: (202) 639-6000
       Facsimile: (202) 639-6066
       dmitchell@jenner.com
       rhanna@jenner.com

**OSEN LLC**
Gary M. Osen (DC Bar No. NJ009)
Ari Ungar (DC Bar No. NJ008)
Michael J. Radine (DC Bar No. NJ015)
Dina Gielchinsky (DC Bar No. NJ011)
190 Moore Street, Suite 272
Hackensack, NJ 07601
Telephone: (201) 265-6400
Facsimile: (201) 265-0303
gosen@osenlaw.com
aungar@osenlaw.com
mradine@osenlaw.com
dgielchinsky@osenlaw.com

**STEIN MITCHELL BEATO & MISSNER LLP**
Jonathan E. Missner (D.C. Bar No. 475648)
Michael A. Petrino (D.C. Bar No. 994060)
Yoni Gugenheim (D.C. Bar No. 90014955)
2000 K St., NW, Suite 600
Washington, D.C. 20006
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
jmissner@steinmitchell.com
mpetrino@steinmitchell.com
ygugenheim@steinmitchell.com

*Attorneys for the Weiser, Morell, Leiter, Balva, Rousso, Chen, Shay, Ziering, Glisko, Schenkolewski, Haggai, Rosenfeld, Levy, Shalom, and Beniashvili Plaintiffs*

**MOTLEY RICE LLC**

By:   /s/ John M. Eubanks
John M. Eubanks (D.C. Bar No. SC0013)
Michael E. Elsner
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9250
Facsimile: (843) 216-9450
jeubanks@motleyrice.com
melsner@motleyrice.com

*Attorneys for the Airley, Bours, Davidovich, Ben Zaken, Goodman, Hamo, Klughaupt, Moses,*

5

*Newman, Rothner, Shindman, Spitz, Thaler, Vardi, Zer-Chen, Edan, Zafrani, Natan Amar, Goodman, Gutstein and Tawil Plaintiffs*