UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| YISRAEL WEISER, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 24-cv-03244 (LLA) |

**STATUS REPORT IN RESPONSE TO THE COURT'S JUNE 23, 2025 MINUTE ORDER**

Plaintiffs, by and through their counsel, respectfully submit this status report in response to the Court's Minute Order of June 23, 2025, which directed Plaintiffs to document their attempts to serve the defendants in the above-captioned action.

**I.　PLAINTIFFS ARE ATTEMPTING TO SERVE DEFENDANTS IRAN, SYRIA, AND THE IRGC THROUGH FSIA PROCEDURES**

Plaintiffs have followed the procedures for serving a foreign state provided by the Foreign Sovereign Immunities Act in 28 U.S.C. § 1608(a)(3)-(4) for defendants the Islamic Republic of Iran ("Iran"), the Islamic Revolutionary Guard Corps ("IRGC"), and the Syrian Arab Republic ("Syria").

As described in Plaintiffs' previous status report filed on June 20, 2025 (ECF No. 35), Plaintiffs' counsel engaged a courier to deliver to the Clerk's office a service package containing the complaint, summons, notice of suit, and Foreign Sovereign Immunities Act ("FSIA"), with appropriate translations, for Iran (ECF No. 32), Syria (ECF No. 33), and the IRGC (ECF No. 34) to be dispatched via registered mail service pursuant to 28 U.S.C. § 1608(a)(3), as no special arrangement for service exists under 28 U.S.C. § 1608(a)(1) and no applicable international

convention governs service under 28 U.S.C. § 1608(a)(2).[1] Following the review of each service package by the Clerk's office on June 18, 2025, the courier brought the service packages to the post office for mailing. The courier then returned the registered mail receipt for each service package to the Clerk's office and the Clerk docketed the Certificate of Mailing and registered mail receipt for each package. ECF Nos. 36-38. The packages sent to Iran and the IRGC were returned as undeliverable to Plaintiffs' counsel by the post office at the end of July. With respect to the package sent to Syria, Plaintiffs' counsel has yet to receive the return receipt for the package. Service pursuant to 28 U.S.C. § 1608(a)(3) was not completed within 30 days. Thus, Plaintiffs proceeded with service through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4).

On July 29, 2025, Plaintiffs' counsel engaged a courier to deliver to the Clerk's office a service package for Iran (ECF No. 42), Syria (ECF No. 43), and the IRGC (ECF No. 44) to be dispatched via FedEx, pursuant to 28 U.S.C. § 1608(a)(4), to the U.S. State Department and subsequently transmitted to each defendant via diplomatic channels. The service package contained the complaint, summons, notice of suit, and Foreign Sovereign Immunities Act, with appropriate translations, and a check in the amount of $2,275.00 each for service upon Iran, Syria, and the IRGC. The Clerk docketed the Certificate of Mailing for the three packages on August 1, 2025. ECF Nos. 46-51. Pursuant to FedEx tracking information, the service packages were delivered to the State Department on August 4, 2025.

Plaintiffs will provide further updates regarding the status of service on Iran, Syria, and the IRGC via diplomatic channels to this Court as they become available.

---

[1] The service package contained Arabic translations for Syria and Farsi translations for Iran and the IRGC.

## II. PLAINTIFFS ARE ATTEMPTING TO SERVE THE TERRORIST ORGANIZATION DEFENDANTS THROUGH ALTERNATIVE MEANS AND COURIER SERVICE

### A. Motion Requesting Permission to Serve by E-Mail and Social Media Messaging

The remaining four defendants are Foreign Terrorist Organizations ("FTOs") Hamas, Palestinian Islamic Jihad ("PIJ"), Hezbollah, and Popular Front for the Liberation of Palestine ("PFLP," collectively, the "FTO Defendants"). These FTOs operate in the midst of a heated regional conflict in the Palestinian Territories and Lebanon involving airstrikes, combat, and dismantled infrastructure. Serving these FTOs through conventional methods is impracticable as there are significant risks inherent in attempting service by mail or personal service on a terrorist organization. Thus, Plaintiffs are filing, pursuant to Federal Rule of Civil Procedure 4(f)(3), a Motion for Alternative Service on the FTO Defendants requesting to serve them via e-mail addresses and social media accounts. ECF No. 60. As explained in Plaintiffs' Motion for Alternative Service, Plaintiffs located eighteen different e-mail addresses for the FTO Defendants, most of which are linked to what Plaintiffs believe to be the official websites for the FTOs, in addition to two social media accounts (X accounts for Hezbollah and PFLP). *See id*. And, Plaintiffs' proposed methods of alternative service are not prohibited by international agreement and minimize offense to foreign law.

### B. Service Pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) in Lebanon

Plaintiffs are also attempting to serve Hamas and Hezbollah via charities and organizations they control in Lebanon pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii).

On July 16, 2025, Plaintiffs engaged a courier to deliver to the Clerk's office a service package, with Arabic translations, to serve Hezbollah in Lebanon at the address for The Martyrs Foundation, a charity run by Hezbollah. ECF Nos. 39-41. On July 21, 2025, Plaintiffs received notification that delivery was not possible at that address. Thus, Plaintiffs obtained updated

summons for Hezbollah with the address of Atlas Holding, an organization owned and controlled by The Martyrs Foundation. ECF Nos. 45, 53. Plaintiffs also obtained updated summons for Hamas containing the address of a charity run it runs, as the original summons contained an address which is a P.O. box, to which no international courier will deliver mail in Lebanon. ECF Nos. 45, 53. On August 14, 2025, Plaintiffs engaged a courier to deliver to the Clerk's office a service package, with Arabic translations, to serve Hezbollah and Hamas in Lebanon at the addresses listed on the updated Summonses. ECF Nos. 54-55. The Clerk docketed the Certificate of Mailing and registered mail receipt for each package on August 19, 2025. ECF Nos. 56-59. However, Plaintiffs remain skeptical as to the possibility of successfully service Hamas and Hezbollah at the addresses in Lebanon, wherefore they have requested permission to also proceed via alternative means as requested in the Motion for Alternative Service. ECF No. 60.

Plaintiffs respectfully propose providing an updated status report to the Court on the outcome of their service efforts within 60 days.

August 19, 2025

                              Respectfully submitted,

                              **WILLKIE FARR & GALLAGHER LLP**

By:    */s/ Lee Wolosky*
         Lee Wolosky (D.C. Bar No. NY0161)
         787 7th Avenue
         New York, NY 10019
         Telephone: (212) 728-8000
         Facsimile: (212) 728-8111
         lwolosky@willkie.com

- 5 -

**OSEN LLC**
Gary M. Osen (D.C. Bar No. NJ009)
190 Moore Street, Suite 272
Hackensack, NJ 07601
Telephone: (201) 265-6400
Facsimile: (201) 265-0303
gosen@osenlaw.com

**STEIN MITCHELL BEATO & MISSNER LLP**
Jonathan E. Missner (D.C. Bar No. 475648)
Robert B. Gilmore (D.C. Bar No. 492424)
Kevin Attridge (D.C. Bar No. 1012349)
2000 K St., NW, Suite 600
Washington, D.C. 20006
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
kattridge@steinmitchell.com

**MOTLEY RICE LLC**
John M. Eubanks (D.C. Bar No. SC0013)
Michael E. Elsner
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9250
Facsimile: (843) 216-9450
jeubanks@motleyrice.com
melsner@motleyrice.com